No. 3969

Second Circuit
(Second Division)

GOMOLSKY v. KIHNEMAN

(May 7, 1931.  Opinion and Decree.)

Wilson & Abramson, of Shreveport, attorneys for plaintiff, appellee.

L. A. Newsom, of Shreveport, attorney for defendant, appellant.

STEPHENS, J.  The plaintiff sues to recover $282.10 for damages to his automobile resulting from a collision alleged to have been caused by the negligent driving of the defendant.  The defendant answered, denying the facts as alleged by the plaintiff and the conclusion drawn therefrom that he was negligent; and, assuming the position of plaintiff in reconvention, alleged that the collision was due solely to the negligence of the plaintiff, and prays for judgment in the sum of $215 for damages to his automobile.

Judgment was rendered by the trial court in favor of plaintiff in the sum of $132.10, and the defendant appeals.  The plaintiff answered the appeal, and prays that the judgment as rendered be affirmed, but that plaintiff have further judgment for frivolous appeal.

The accident occurred on the northeast corner of the intersection of Caddo and Christian streets in the city of Shreveport.  Christian street is unpaved, and crosses Caddo street at right angles, and is of no interest in this controversy except for the purpose of fixing the point where the collision occurred.  Caddo street, one of the wide paved arteries of traffic leading from the business district of the city, immediately after intersecting Christian street loses its identity by becoming merged into two other streets, namely, Ford street, into which it turns to the right at approximately a forty-five degree angle, and Western avenue, into which it proceeds directly.

On July 15, 1930, shortly after 6 o'clock p. m., the preponderance of the evidence shows that the plaintiff, driving an Essex automobile, approached the scene of the accident from Ford street at a moderate rate of speed.  He kept to the right, crossed Western avenue, and was proceeding on Caddo street towards the business district when he met the defendant driving an Oldsmobile sedan in the opposite direction at a rapid rate of speed and on the defendant's left side of Caddo street.  Seeing that a collision was inevitable if he remained in the street, plaintiff drove over the curb to his right, but the defendant swerved to his left.  The front of defend-

ant's automobile struck the plaintiff's at the left rear fender and turned it over.

The defendant's contention is that, as he was driving out Caddo street, he saw plaintiff's automobile coming out of Ford street at a high rate of speed on the plaintiff's left side of said street, and that he veered to the left in order to avoid a collision, and that his automobile was struck by plaintiff's at a point near the middle of the street.

This theory of the case is not supported by the physical facts, the probabilities, or any evidence except the testimony of the defendant. The defendant admitted an intention of driving directly into Western avenue. In order to drive directly into Western avenue from Caddo street, it is necessary to be about the center of Caddo street, or slightly to the left of the center. We are convinced that what actually occurred was that the defendant did not swerve to the left because plaintiff was on the wrong side of the road, but because it was the most convenient and direct route to take; and that he thought by this movement he would indicate his intention of going into Western avenue instead of Ford street, and that the plaintiff would pass him on the left. If the defendant had driven to the right the accident would not have occurred.

Defendant was driving at a rate of speed which was not consistent with the care it was his duty to observe at a dangerous intersection. The speed at which he was driving and his failure to turn to the right was negligence, which negligence was the proximate cause of the accident.

The plaintiff was without fault. Damages for frivolous appeal are not allowed.

There is no dispute as to the amount of damages sustained by plaintiff. The judgment is therefore affirmed.